NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

NOEL REY SANTOS, *Appellant.*

No. 1 CA-CR 19-0170
FILED 1-5-2021

Appeal from the Superior Court in Maricopa County
No.  CR 2018-001578-001
The Honorable Kathleen H. Mead, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Ortega v. Ortega PLLC, Phoenix
By Alane M. Ortega
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Chief Judge Peter B. Swann joined.

---

**C A M P B E L L**, Judge:

¶1        Noel Santos appeals from his convictions and sentences for aggravated assault. After searching the record on appeal and finding no arguable question of law, Santos' counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for reversible error. Santos was given the opportunity to file a supplemental brief but has not done so. Having reviewed the entire record, *see State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), we find no reversible error and affirm as modified.

¶2        Before approaching Santos' residence to execute a "no-knock" search warrant, police officers secured the perimeter of the property. Once they were in position, a "point" officer approached the front door and yelled, "[P]olice. Search warrant."

¶3        With that announcement, officers began using tools to breach the windows and front door of the house. Amidst the sound of breaking glass, multiple officers heard a gunshot from within and two officers were struck by metal fragments from the steel frame of the front security door. At that point, to ensure their safety, the officers took cover behind their vehicles.

¶4        Moments later, Santos emerged from the back door and climbed over a backyard wall. Once he cleared the wall, Santos crouched low to evade detection, but with the help of a canine unit, officers apprehended and arrested him.

¶5        After taking him into custody, a police officer tested Santos' hands for gun-shot residue. The test results revealed that Santos had gun-shot residue on both of his hands, though police officers never found a weapon in this house or yard.

¶6        The State charged Santos with five counts of aggravated assault (using a handgun to place five officers in reasonable apprehension

of imminent physical injury).[1] The State also alleged aggravating factors and that Santos both had historical prior felony convictions and committed the current offenses while on release.

¶7        At trial, Santos' girlfriend testified that she saw him carrying a holstered handgun the day police officers arrived at their home. She also stated that she heard two shots fired from inside the house and claimed the sound of the gunshots was distinct from the contemporaneous sounds of banging and breaking glass. In addition, another of Santos' roommates testified that she yelled at Santos when she initially heard loud noises on the day of the police raid, mistakenly believing he was the cause, and he responded that it was not him, but the police.

¶8        After an eight-day trial, a jury unanimously found Santos guilty as charged. For each offense, the jurors also found three aggravating factors—multiple victims, Santos poses an ongoing danger to society, and Santos committed the offenses while on felony probation. After finding numerous prior felony convictions, the superior court sentenced Santos to concurrent, aggravated terms of 20 years' imprisonment on each count. Among other fines and orders, the court ordered Santos to submit to DNA testing and pay the associated cost.

¶9        After a thorough review of the record, we find no reversible error. *Clark*, 196 Ariz. at 541, ¶ 50. The record reflects that Santos was represented by counsel at all critical stages of the proceedings against him. The evidence presented supports the convictions, and the sentences imposed fall within the range permitted by law. As far as the record reveals, these proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Santos' constitutional and statutory rights. Therefore, we affirm Santos' convictions and sentences. However, because there is no statutory basis to assess the cost of DNA testing to a defendant, we vacate the portion of the sentencing order requiring Santos to pay for his DNA testing. *See State v. Reyes*, 232 Ariz. 468, 472, ¶ 14 (App. 2013).

¶10        Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, her obligations are fulfilled once she informs Santos of the outcome of this appeal and his future options. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Santos has 30

---

[1]        The State also charged Santos with one count of misconduct involving weapons, but that count was later dismissed without prejudice on the State's motion.

days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA